Argued and submitted June 11, appeal dismissed and cases remanded to the tax
court with instruction July 25, 1991

# DEPARTMENT OF REVENUE,
*Respondent,*

*v.*

# UNIVERSAL FOODS CORPORATION,
*Appellant.*

## (OTC 2944)

# DEPARTMENT OF REVENUE,
*Respondent,*

*v.*

# UNIVERSAL FROZEN FOODS CO.,
*Appellant.*

## (OTC 2945; SC S37911)

815 P2d 1237

Richard W. Miller, Portland, argued the cause for appellants. With him on the brief were Duffy, Kekel, Jensen and Bernard, John Paul Graff and Katherine H. O'Neil, Portland.

Marilyn J. Harbur, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief was Dave Frohnmayer, Attorney General, Salem.

FADELEY, J.

**FADELEY, J.**

Two corporations appeal a tax court decision enforcing a Department of Revenue subpoena against them. The department requested information concerning the purchase price of potato processing plants that the defendant corporations had acquired in Washington and Idaho. The department also sought data — on those plants and a third potato plant in Minnesota — otherwise related to establishing valuation. Defendants, a parent corporation and its wholly owned subsidiary, own or lease 13 such plants in the United States. The department required the information to establish more accurately the taxable value of similar plants owned by others in Oregon.

Although defendants disclosed some formal appraisal reports, defendants refused to provide the requested information. The department then issued its subpoena under ORS 305.190(1).[1] Defendants continued to refuse to provide the information. The department sought enforcement in the tax court. That court issued an order, served on the defendants' registered agent in Oregon, requiring them to honor the subpoena.

Defendants moved for a protective order as follows:

"Pursuant to Tax Court Rule 36, defendant moves that the court issue an order protecting it from responding to plaintiff's administrative subpoena * * * In the alternative, defendant moves the court to issue an order requiring plaintiff to protect against the public disclosure of all information to be provided to plaintiff under the subpoena, and requiring plaintiff to pay defendant its reasonable expenses in responding to the subpoena.

"In support thereof, defendant respectfully represents to the Court that the documents requested in the subpoena are unduly voluminous and that their production would be costly, unreasonably burdensome, and time-consuming. Defendant further represents that the subpoenaed items

---

[1] ORS 305.190(1) provides:

"The Director of the Department of Revenue, in conformity to the resolutions or rules of the department, may subpoena and examine witnesses, administer oaths and order the production of any books or papers in the hands of any person, company or corporation, whenever necessary in the prosecution of any inquiries deemed necessary or proper in their official capacity."

contain trade secrets of defendant as that term is defined in ORS 192.501(2), and that the subpoenaed items fall within the definition of confidential information under ORS 192.502(3). Therefore, the subpoenaed items are exempted from public disclosure under Oregon law.

"Defendant has unsuccessfully attempted to receive assurances from plaintiff that documents produced under the subpoena will not be disclosed to the public or be open for inspection as a public record. The public disclosure of these trade secrets and confidential information would be oppressive and would cause unnecessary economic damage to defendant.

"This motion is based upon Tax Court Rule 36, [defendants' attorney's] attached affidavit, defendants' oral arguments on this motion, and the pleadings and papers on file in this case."

The affidavit dealt exclusively with support for the confidentiality exemption. It did not mention the "unreasonable burden" contention but sought an absolute excuse from compliance with the subpoena on confidentiality grounds before turning to avoidance of public disclosure "if the company is ordered to comply." Other papers in the file include defendants' memorandum "In Opposition to Subpoena Enforcement" containing four points, one of which was that "defendant *should not be required to comply* with the subpoena because production of documents would require the disclosure of confidential commercial, research and development information and trade secrets of defendant." (Emphasis added.)

In their motion, defendants assert two separate rights to separate kinds of relief. The first asserted right is to be excused from any compliance with the subpoena at all. Defendants assert two grounds for entitlement to be excused from compliance. One ground is that economic harm will be caused by producing the documents and information demanded because the contents of the materials demanded are, and must continue to be kept, secret or confidential. The second ground is that the production sought is unreasonably burdensome, given the amount of employee time and effort that defendants assert must be expended to supply the subpoenaed data, none of which is located within the State of Oregon.

As a fall-back position, if the tax court were not persuaded to excuse all compliance, defendants assert the right to relief in the form of a court order requiring the department to avoid public disclosure to defendants' competitors or other third parties and for payment of reasonable expenses of providing the data.

Complying with an interim order of the tax court concerning the motion, defendants supplied an "Indexed Table of Contents" of the documents and information in their hands that related to the subpoena. The department then indicated which items in the table of contents it demanded. No decisions concerning confidentiality have been made. Hearings were held, however, only on the issue of unreasonable burden.

After the hearings, the tax court found that production of one particular item out of many items demanded could be unreasonably burdensome. The court modified that request to require defendants to provide the information sought by disclosing depreciation schedules that defendants had already prepared for federal returns and found that disclosing the depreciation schedules would not be unreasonably burdensome. The court again ordered that defendants honor the department's subpoena, as modified.

Thereafter, at the parties' request, the tax court entered a "Judgment" that provides in part:

> "The court has found there is no just reason for delay and has directed that judgment be entered in accordance with TCR 67 B * * * as follows:
>
> "1. Defendants shall furnish plaintiff the following documents [by providing copies for which the department shall pay 25 cents per page[.]
>
> "* * * * *
>
> "3. The court *reserves ruling* on defendants' contentions that the documents contain confidential information and trade secrets pending Supreme Court review and production of the documents." (Emphasis added.)

Defendants appealed from that "judgment" five days after its entry. The dispositive issue is whether that "judgment" is appealable. We conclude that it is not because it does

not finally dispose of the claim for a protective order. Accordingly, we dismiss defendants' appeals and remand to the tax court with instructions to vacate the "judgment," leaving in place the intermediate order that reflects the disposition of a portion of defendants' motion for a protective order.

The dispositive issue may be decided by considering the following questions: first, whether the order is appealable under statutes relating to the tax court in general; second, whether it is appealable as a judgment, decree, or order of the requisite kind in a "special statutory proceeding," under ORS 19.010(4); and third, whether the order qualifies for treatment as a final judgment under OTCR 67 B, and thus became appealable under ORS 19.010(2)(e) as "a final judgment or decree entered in accordance with ORCP 67 B."

### Not Appealable Under General Statutes

■ Appeals from the tax court "of final decisions and final orders of the tax court, shall be in accordance with the procedure in equity cases on appeal from the circuit court." ORS 305.445.[2] No refusal to comply with the tax court's decision that required defendants to comply with the subpoena appears in the record. No finding of contempt or sanction for refusal has been adjudged.[3] The record contains no indication that defendants will refuse to supply the information as ordered if they are assured of limits on its public disclosure as may be appropriate under public records laws.

Giving effect to the general statute governing tax court appeals by applying precedents from cases sounding in equity, the order is not yet appealable. *Moran v. Lewis,* 274 Or

---

[2] ORS 305.445 in part provides:

"The sole and exclusive remedy for review of any decision or order of the tax court shall be by appeal to the Supreme Court. * * * Such appeals, and the review of *final* decisions and *final* orders of the tax court, shall be in accordance with the procedure in equity cases on appeal from the circuit court * * *." (Emphasis added.)

[3] ORS 305.190(2) provides:

"If any person disobeys any subpoena of the director * * * the court shall make an order requiring the person to comply with the demand of the department within such time as the court shall direct. Failure to obey any order issued by the court under this section is contempt of court. The remedy provided by this section shall be in addition to other remedies, civil or criminal, existing under the tax laws or other laws of this state."

631, 634, 547 P2d 627 (1976) ("Orders are not appealable until the controversy is completely and finally settled in the trial court"; therefore, no appeal lay from an injunction "pending the determination of the lawsuit"). *See Winters et al. v. Grimes et al.,* 124 Or 214, 216-17, 264 P 359 (1928) (setting forth three distinct and separate tests for determining whether a "decree" is final so as to permit appeal: "[i]f no further action of the court is required to dispose of the cause," if it "determines the rights of the parties so that no further questions can arise before the court rendering it," or if it is "one which concludes the parties as regards the subject matter in controversy").

Appeal statutes specific to the tax court additionally permit an appeal (1) where that court remands a cause to the department (ORS 305.425(3))[4] and (2) where, in certain proceedings, that court grants or denies a protective order sought to *preserve confidentiality* of data disclosed to the court (ORS 305.430(4)).[5]

The "judgment" entered here is not of either character. There is no remand of the cause to the department. This does not appear to be the type of proceeding to which ORS 305.430(4) applies, because, at this point, it is one on the department's administrative subpoena rather than a tax court subpoena in a litigation proceeding to value an industrial plant in Oregon under ORS 305.420(5) or as covered by ORS 308.411(4). Assuming arguendo that the proceeding is covered by ORS 305.430(4), the issue of confidentiality is expressly reserved for future determination in the very judgment appealed, that is, before the right to the protective order sought in defendants' motion will be finally determined.

---

[4] ORS 305.425(3) in part provides:

"If the court orders the cause remanded to the department, such order shall constitute a final order subject to appeal to the Supreme Court as provided for in ORS 305.445."

[5] ORS 305.430(4) in part provides:

"In a matter involving a request for a protective order under subsections (2) and (3) of this section [relating to confidentiality of business records and trade secrets], the decision of the tax court shall be a final order for purposes of appeal to the Supreme Court."

By implication, at least, these statutory references permitting appeal of certain specific orders arguably *exclude* appeals of other kinds of tax court orders not accorded appealability by any statute.

Thus, the predicate for applying ORS 305.430(4) does not yet exist.

### Not Appealable as a Special Statutory Proceeding

■ In *Southern Oregon Broadcasting Co. v. Dept. of Revenue,* 287 Or 35, 597 P2d 795 (1979), this court reached the merits of the appeal, because the department conceded that an ORS 305.190(2) proceeding was a "special statutory proceeding" appealable under ORS 19.010(4), and the court stated without analysis that, for purposes of that case, "although the conclusion is not free from doubt, we accept that concession." In that case, unlike the present one, the tax court had ruled upon the entire claim for relief presented by a motion to quash. Nothing was reserved. ORS 19.010(4), by its analogy to appeals in other cases from circuit court, requires a final and complete determination of the matter in the special proceeding before an appeal is appropriate.

### Not a Disposition of One Claim
### Appealable Under ORCP 67 B

Defendants rely, however, not on statutes fixing appealability of civil cases or special statutory proceedings, but, instead, claim that appealability is established under Oregon Tax Court Rule 67 B, which is the same as ORCP 67 B.

ORCP 67 B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

That rule permits a final judgment where "one claim for relief" is finally determined. ORCP 67 A defines a judgment as "the final determination of the rights of the parties in an action" but includes "a final judgment entered pursuant to section B."

■ Entitling a document a "judgment" does not necessarily make it one. *Ketcham v. Selles,* 304 Or 529, 533, 748 P2d 67 (1987); *Jefferson State Bank v. Welsh,* 299 Or 335, 339, 702 P2d 414 (1985). The question remains whether one claim for relief has been finally determined in order that ORCP 67 B may apply.

■ As the "judgment" itself makes clear, defendants' claim for a protective order excusing them from complying with the subpoena at all has *not* been fully adjudicated. One theory on which defendants assert that they are entitled to be excused has not yet been heard, let alone decided. As this court stated in *May v. Josephine Memorial Hospital,* 297 Or 525, 530, 686 P2d 1015 (1984):

> "If the trial court's direction for entry of judgment is in error, *i.e.,* if the order in a multiple claim or party action *does not fully adjudicate a claim* or all the interests of at least one party, then an appellate court should remand the case to the trial court with instructions to vacate the judgment, leaving in place the intermediate order that reflects the disposition of the prevailing party's motion. This order cannot be appealed * * *. ORCP 67 B. does not grant the trial court power to make orders appealable that are truly intermediate, merely by designating them as judgments. In other words, *this rule gives no discretion to the trial court to treat as final that which is only a partial adjudication of the interests of a party or an adjudication of fewer than all the grounds alleged in support of a single claim.*" (Emphasis added.)

*See Goeddertz v. Parchen,* 299 Or 277, 280, 701 P2d 781 (1985) (appeal dismissed on court's own motion because the "judgment-order" did not finally determine the rights of the appealing parties relating to a final account in probate although some objections to the account were disposed of thereby).[6]

---

[6] By analogy to the terminology and policy of the last sentence of ORCP 16 B ("within each claim alternative theories of recovery shall be identified as separate counts"), a ruling on one theory or "count" is not a ruling on the "claim." The word "claim" is not synonymous with "contention."

Defendants attempt to raise an issue in this court regarding enforceability of the subpoenas that was not tendered to the tax court. They contend that the statute

*Gattman v. Abraham,* 302 Or 301, 311, 729 P2d 560 (1986) notes that, "[i]n *May v. Josephine Memorial Hospital, supra,* we held that the purpose of ORCP 67B. is to make an immediate appeal available *on a distinctly separate claim * * *.*" (Emphasis added.) In *State ex rel Zidell v. Jones,* 301 Or 79, 88-89, 720 P2d 350 (1986), the court said: "ORCP 67B. is identical to FRCP 54(b). * * * We hold that when ORCP 67B. was adopted it was intended that the Oregon courts should follow the existing federal case law in interpreting the rule."

The Supreme Court of the United States, discussing FRCP 54(b) one year before it was adopted in Oregon as ORCP 67 B, outlined the initial steps that a trial court must take to analyze whether the order under consideration is eligible for ORCP 67 B treatment. In *Curtiss-Wright Corp. v. General Electric Co.,* 466 US 1, 7, 64 L Ed 2d 1, 11, 100 S Ct 1460, 1464 (1980), that court said:

> "Nearly a quarter of a century ago, in *Sears, Roebuck & Co. v. Mackey,* 351 US 427, 100 L Ed 1297, 76 S Ct 895 (1956), this Court outlined the steps to be followed in making determinations under Rule 54(b). A district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.' 351 US at 436, 100 L Ed 1297, 76 S Ct 895."

The distinction noted in *May v. Josephine Memorial Hospital, supra,* and in *Curtiss-Wright Corp. v. General Electric Co., supra,* is supported by an authoritative treatise. Describing the rule to be applied, the authors of that treatise

---

granting the department subpoena power requires rule-making in advance of exercise of that power. The statute, quoted in n 1, *supra,* permits issuance of a subpoena in conformity to "resolutions" as well as one in conformity to rules. Originally enacted as Oregon Laws 1909, chapter 218, section 37, the predecessor of ORS 305.190(1) gave the board of state tax commissioners power to subpoena "in conformity to the resolutions or rules of the board." The director of the department has since generally succeeded to the former board's powers and authority. This argument does not prevent dismissal of the appeal or remand.

Defendants also argue here that requiring them to comply with the subpoena constitutes an unconstitutional search and seizure. *See Pope & Talbot, Inc. v. State Tax Com.,* 216 Or 605, 614, 340 P2d 960 (1959) (where certain limits on breadth and relevancy are satisfied, neither the Fourth Amendment nor Article I, section 9, of the Oregon Constitution are offended).

state: "Unfortunately, it is not always easy to tell whether a case involves multiple claims (to which Rule 54(b) is applicable) or a single claim supported by multiple grounds (to which Rule 54(b) is not applicable)." 10 C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure 60-61 § 2657 (1983). Nonetheless, that distinction must be considered and applied at the outset before a trial court exercises discretion to certify that there is not just reason for delay and to direct entry of judgment. In considering whether one entire claim has been adjudicated, federal cases decided after Oregon's adoption of the federal rule of procedure, although neither binding on nor specifically approved by this court, may serve as guides.

In *Indiana Harbor Belt R. Co. v. American Cyanamid,* 860 F2d 1441 (7th Cir 1988), the railroad brought action against the chemical manufacturer seeking to recover costs that the railroad incurred cleaning up a chemical spill from a tank car leased by the manufacturer. The district court entered summary judgment for the railroad on a strict liability count, but not on a negligence count. The manufacturer appealed. The appeals court held that the district court order entering summary judgment on the strict liability count was not a "final judgment" for purposes of FRCP 54(b), permitting interlocutory appellate review of one claim in a multiclaim case, because the negligence count, supporting recovery for the same acts as gave rise to the strict liability count, remained unresolved, and thus the claim was only partially adjudicated. The *Indiana Harbor* court wrote:

> "Although the application of Rule 54(b) hinges on the definition of a 'claim for relief,' the Supreme Court has never conclusively defined this phrase. [citations omitted] * * * Subsumed within the significant factual overlap theory [for recognizing whether there are separate claims] is the rule that a claimant who has set forth a number of legal theories in support of only one possible recovery has stated only one claim for relief. * * * This rule has been widely accepted by other circuits as well. [Citations omitted.]; *see also Seatrain Shipbuilding Corp. v. Shell Oil Co.,* 444 US 572, 581 n 17, 100 s Ct 800, 806 n 17, 63 L Ed 2d 36 (1980) (recognizing that separate theories can constitute a single claim for relief)."

860 F2d at 1444-45.

Mere variations of legal theory will not allow an appeal under FRCP 54(b) from an order rejecting one or more of the variations. In *A/S Apothekernes Laboratorium for Specialpraeparater v. I.M.C. Chemical Group Inc.*, 725 F2d 1140 (7th Cir 1984), the action arose out of a proposed sale of a business division. The district judge granted summary judgment for the defendant on three of the five counts (specific performance of contract, damages for breach of that contract, and misrepresentation damages on a contract by estoppel) and certified dismissal of those counts for an immediate appeal under Rule 54(b), while retaining two fraud-theory counts for trial. The court of appeals held that the district judge had not resolved claims that were separate, in a FRCP 54(b) sense, from the claims he retained, and that the appellate court lacked jurisdiction for the appeal.

In *Tolson v. United States*, 732 F2d 998 (DC Cir 1984), a former federal prisoner brought an action for damages from the federal government because of the conduct of a prison guard, under theories of *respondeat superior*, negligent supervision, and negligent retention of the employee. The federal court held that: FRCP 54(b) does not authorize entry of final judgment on part of a single claim; when alleged claims are so closely related that they would fall afoul of the rule against splitting claims if brought separately, they do not qualify as "separate" claims under Rule 54(b).

In *Burlington Northern R. Co. v. Bair*, 754 F2d 799 (8th Cir 1985), a taxpayer asserted three grounds for overturning the decision of local taxing authorities under a federal statute prohibiting states from discriminating against railroads when levying taxes on them. The district court found for plaintiff railroad on count one (that the state had taxed plaintiff but exempted others), and found for the defendant on count two (that the state had assessed plaintiff's property above true market value). The district court, however, held for later consideration count three (that the state assessed other property at lower levels). The 8th Circuit court dismissed the FRCP 54(b) appeal.

In *Sussex Drug Products v. Kanasco Ltd.*, 920 F2d 1150, 1154 (3d Cir 1990) the court stated:

"The partial adjudication of a single claim is not appealable, despite a Rule 54(b) certification. * * * Alternative theories of

recovery based on the same factual situations are but a single claim, not multiple ones. [Citation omitted.] An order that eliminates two of several elements of damages flowing from a single claim does not qualify for Rule 54(b) certification. *Marino v. Nevitt,* 311 F2d 406, 408 (3d Cir 1963)."

In *Sussex,* counts involving damages for breach of contract and breach of warranty were separated by the purported judgment from a count for punitive damages. The same sale of pharmaceutical products gave rise to all damage demands. *See also* Anot. "Court Rules — Multiple Claims" 80 ALR 4th 707, 721-722, (1990) ("It is generally agreed that [state] trial courts must refrain from granting certification in cases where a plaintiff's complaint states only one claim, even though multiple theories of recovery are advanced or multiple remedies are sought.").

We hold that the portion of defendants' motion that sought to excuse them from any compliance with the subpoena asserted but one legal right, although defendants asserted more than one theory — confidentiality and unreasonable burden — to support entitlement to that single right. Accordingly, the single claim was not finally determined because the confidentiality ground for excusing compliance was not adjudicated and Oregon Tax Court Rule 67 B did not apply.

The appeal is dismissed. These cases are remanded to the tax court with instruction to vacate the "judgment," leaving in place the intermediate order that reflects the partial disposition of defendants' motion.