IN THE OREGON TAX COURT

DEPARTMENT OF REVENUE,
State of Oregon
*v.*
UNIVERSAL FOODS CORPORATION
(TC 2944)

DEPARTMENT OF REVENUE,
State of Oregon
*v.*
UNIVERSAL FROZEN FOODS CO.
(TC 2945)

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented plaintiff.

R. W. Miller, Duffy Kekel Jensen & Bernard, Portland, and John Paul Graff, Graff & O'Neill, Portland, represented defendants.

Decision for plaintiff rendered June 10, 1992.

### CARL N. BYERS, Judge.

This matter is before the court on Defendants' Supplemental Motion For Relief From Subpoena Enforcement. Earlier the court issued two orders enforcing plaintiff's subpoena. At the request of the parties, judgment was entered in accordance with those orders. Defendants then appealed to the Oregon Supreme Court. 311 Or 537, 815 P2d 1237 (1991). However, that court held the judgment non-appealable because it did not dispose of all the issues in the proceeding. The Supreme Court remanded the case with directions to vacate the judgment, leaving in place the two prior orders. *Id.* at 549.

By their motion, defendants again challenge plaintiff's authority to obtain the information subpoenaed.

Defendants advance three basic arguments:

1. Plaintiff lacks authority to act under ORS 305.190 until it enacts rules and resolutions for issuing subpoenas.

2. Plaintiff's subpoena violates defendants' right to be free of unreasonable searches and seizures under the Fourth Amendment of the United States Constitution and Article I, section 9, of the Oregon Constitution.

3. Plaintiff's subpoena in this case is unreasonable under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

Only the first argument is new. This court has already ruled on the second and third arguments in its prior

orders. However, because this case is one of first impression and has significant implications, the court is willing to reconsider defendants' constitutional arguments.

## NEED FOR ADMINISTRATIVE RULES

Defendants contend that plaintiff does not have authority to issue subpoenas under ORS 305.190 until it adopts rules as contemplated by the statute. ORS 305.190(1) provides:

> "The Director of the Department of Revenue, *in conformity to the resolutions or rules of the department,* may subpoena and examine witnesses, administer oaths and order the production of any books or papers in the hands of any person, company or corporation, whenever necessary in the prosecution of any inquiries deemed necessary or proper in their official capacity." (Emphasis added.)

While the statute obviously contemplates that plaintiff may issue rules or resolutions, it does not require the adoption of any rules before subpoenas can issue. Defendants have not pointed to any particular need or concern that is left wanting due to plaintiff's failure to adopt a rule. Defendants cite as authorities for their position *Pyle v. Brooks*, 31 Or App 479, 570 P2d 590 (1977), and *Sun Ray Drive-In, Dairy, Inc. v. OLCC*, 16 Or App 63, 517 P2d 289 (1973). Neither of those cases is applicable here. Those cases involved a broad delegation of legislative authority which required the administrative agency to establish standards for administrative action. *Pyle* was an administrative act which affected personal liberty; *Sun Ray* involved licensing. Neither of those are factors in this case. Moreover, as plaintiff points out, its subpoena power under ORS 305.190 has been before the Supreme Court many times without being challenged for lack of a rule.

## CONSTITUTIONAL ISSUES

Defendants contend that the subpoena request constitutes an "unreasonable search and seizure" under the Fourth Amendment of the United States Constitution. Defendants cite *Hale v. Henkel*, 201 US 43, 26 S Ct 370, 50 L Ed 652 (1906), in support of their argument. However, many

changes have taken place since that case which have essentially reversed the law's perception of administrative subpoenas. The foundation case,[1] *Oklahoma Press Publishing Co. v. Walling*, 327 US 186, 195, 66 S Ct 494, 90 L Ed 614 (1946), states:

> "The short answer to the Fourth Amendment objections is that the records in these cases present no question of actual search and seizure, but raise only the question whether orders of court for the production of specified records have been validly made; * * *."

■ In support of their argument that plaintiff's subpoena also violates Article I, section 9, of the Oregon Constitution, defendants cite *Nelson v. Lane County*, 304 Or 97, 743 P2d 692 (1987). However, that case dealt with a civil suit arising out of a sobriety roadblock which the court determined violated Article I, section 9, of the Oregon Constitution. As indicated by *Oklahoma Press*, the search of a person or premises is judged by a stricter standard than the subpoena of records or a court ordering the production of records. For example, *compare Nelson*, 304 Or at 101 ("Seizures or searches for evidence to be used in a criminal prosecution, conducted without a warrant or suspicion of wrongdoing violate Article I, section 9, of the Oregon Constitution.") *with Dept. of Revenue v. D. R. Johnson Lbr. Co.*, 289 Or 679, 683, 617 P2d 603 (1980).

In short, all of defendants' arguments, with regard to the Fourth Amendment and Article I, section 9, have been resolved by prior decisions. In *D. R. Johnson Lbr. Co.* the court stated:

> "The scope of the Department's discovery power under ORS 305.190(1) is extensive. The rule is firmly established that an agency's subpoena power is limited only to the extent that 'the inquiry must be relevant to a lawful investigatory purpose and must be no broader than the needs of the particular investigation.' " *Id.* at 683 (quoting *Pope & Talbot, Inc. v. State Tax Com.*, 216 Or 605, 615, 340 P2d 960 (1959)).

---

[1] For a clear and insightful discussion of the post-1940 history of administrative subpoenas, *see* 1 Kenneth Culp Davis, Administrative Law Treatise § 4.2 (2d ed 1978).

■ Plaintiff's subpoena is relevant to a lawful and investigatory purpose. Plaintiff seeks information which will assist it in carrying out its responsibilities to see that all property is appraised at its real market value. Therefore, the subpoena is not broader than the needs of the particular investigation.

## REASONABLENESS OF REQUEST

Defendants argue that plaintiff's subpoena constitutes an unreasonable demand on them. Defendants are "nonresidents" doing business in the state. Plaintiff requests information about property not located in the state, not subject to taxation by Oregon and over which plaintiff asserts no jurisdiction. In essence, plaintiff is imposing a burden on defendants for plaintiff's benefit without any compensation to defendants. This burden has no relationship to defendants' tax status or its tax obligations to the state.

■ The test of reasonableness is measured by constitutional standards. It is important to determine which standards apply. For example, in the area of taxation, the Commerce Clause looks to whether the tax imposed is designed to pay the foreign taxpayer's fair share of government. *Quill Corp. v. North Dakota*, ___ US ___, 112 S Ct 1904, 1912 n 5, 119 L Ed 2d 91, 105 n 5 (1992). Under the Due Process Clause the test is whether the "tax is related to the benefits [the foreign taxpayer] receives from access to the state." 112 S Ct at 1911, 119 L Ed 2d at 104. However, plaintiff is not asserting the power to tax. Rather, it asserts the power of an administrative agency to obtain information. The distinction is similar to that made in *Kulick v. Department of Revenue*, 290 Or 507, 515-16, 624 P2d 93 (1981), where the court distinguished between the potential inconvenience of a summons to a nonresident to appear in a state's court and the substantive obligations of a tax law.

■ The due process test for subjecting a nonresident to a state's judicial proceedings is whether there are sufficient contacts with the state. In *International Shoe Co. v. Washington*, 326 US 310, 320, 66 S Ct 154, 90 L Ed 95 (1945), the Supreme Court found plaintiff's systematic and continuous activities sufficient contact to justify the state subjecting the nonresident to the state's judicial processes. The same test is applicable here.

Here plaintiff is seeking to impose a burden on defendants. This burden is to produce from its records certain information. Unlike taxes, which are imposed on a recurring or annual basis, this is a one-time imposition. While defendants are no longer focusing on the burdensomeness of the request, due to the court limiting the scope of plaintiff's subpoena, the court finds the request is not unduly burdensome.

■ The Legislative Assembly has made a value judgment that all persons and companies subject to jurisdiction of the state are obligated to respond to a subpoena from plaintiff. Defendants make no claim that plaintiff is discriminating against them. Defendants appear to be the only source of information available to plaintiff. Plaintiff cannot obtain the information through other channels or sources. Consequently, it is not unreasonable, if plaintiff has the jurisdictional power, to seek such information from defendants. The court finds that plaintiff has jurisdictional power.

The court finds that defendants' supplemental motion for relief from subpoena enforcement must be denied. Defendants maintain that the information in question is confidential. The court has not ruled on that issue. Nevertheless, in order to expedite this proceeding, the court will order plaintiff to maintain the information as confidential until such time as the court has an opportunity to conduct a hearing and rule on the specific information in question. Now, therefore,

IT IS ORDERED that defendants' supplemental motion for relief from subpoena enforcement is denied, and

IT IS FURTHER ORDERED that defendants shall furnish the information to plaintiff no later than July 30, 1992, and

IT IS FURTHER ORDERED that plaintiff shall maintain such information as confidential until further order of the court.