IN THE OREGON TAX COURT
REGULAR DIVISION
Corporation Excise Tax

| | | |
|---|---|---|
| CHEVRON U.S.A. INC., | ) | |
| | ) | |
| Plaintiff, | ) | **TC 5461** |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR ENTRY OF LIMITED** |
| Defendant. | ) | **JUDGMENT** |

## I.   INTRODUCTION

In light of the court's July 21, 2025, order granting partial summary judgment in favor of Defendant as to the underlying apportionment issue in this case, Plaintiff asks the court to enter a limited judgment so that it can appeal that issue, reasoning that the remaining issue--penalties-- will be moot if the Oregon Supreme Court decides the apportionment issue in Plaintiff's favor. Defendant objects that a limited judgment as to one issue would violate Tax Court Rule (TCR) 67 B, which, in a two-party case, requires a limited judgment to resolve at least one entire claim. According to Defendant, as to any one tax year, the apportionment issue and the penalties are part of a single claim.

The court agrees with Defendant.  Although no Oregon Supreme Court case is squarely on point, Oregon caselaw makes clear that this court is required to closely consider whether a proffered form of limited judgment will resolve an entire claim, and that this court lacks

discretion to weigh factors such as efficiency for the parties in doing so.  The context of TCR 67 B, both in Oregon tax procedure statutes and in contemporaneous federal caselaw, shows that a single income tax assessment encompasses all substantive tax issues and any penalty and interest, and that an appeal from that assessment constitutes a single claim.  Earlier cases that apparently proceeded to appeal on limited judgment are not precedential on this issue because, without objection from any party, the courts did not address the issue.

## II.  FACTS

On November 5, 2018, Defendant issued three notices of assessment--one for each of the tax years 2011, 2012, and 2013--in an effort to recover tax it had previously refunded to Plaintiff. According to an accompanying "Conference Decision Letter," each notice addressed the same two issues:  apportionment of income (whether Plaintiff's gross receipts from physical commodities hedging transactions are includible in Plaintiff's sales factor) and the substantial understatement penalty under ORS 314.402.[1]  (Def's Decl of Paul, Exs G, H.)  The penalty is measured as "20 percent of the amount of any underpayment of tax" attributable to the taxpayer's understatement.  ORS 314.402(1).  Plaintiff appealed from the notices to the Magistrate Division, which issued a decision granting summary judgment for Defendant.  (*See* Compl at 1, ¶ 1 & Exs 1, 2.)

On appeal to this division, Plaintiff initially styles its complaint as "a claim for refund" of the total tax, penalty, and interest paid for all three tax years.  (*See id.* at 2, ¶ 3.)  Later, the complaint asserts two "Claim[s] for Relief," each applicable to the three tax years together.  The

---

[1] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to the 2009 edition.  The 2015 legislature amended ORS 314.402 to redefine the definition of an "understatement."  *See* Or Laws 2015, ch 32, § 1.  However, the amendments do not affect the calculation of the penalty once an understatement has been determined; moreover, the amendments do not apply to the tax years at issue, even though Defendant issued its assessments three years later, in 2018.  *See id.* § 2 (amendments apply to tax years beginning after 2014).

first sets forth Plaintiff's position on the apportionment issue and seeks a refund of the total tax, penalty, and interest. (*See id.* at 8, ¶ 59.) The second alleges that Defendant lacked authority to impose the penalty because, even if proved incorrect, Plaintiff's apportionment position was supported by substantial authority and a reasonable basis and was adequately disclosed.[2] (*See id.* at 8-9, ¶¶ 61-66.)

On October 18, 2024, each party filed what purported to be a motion for full summary judgment, but each motion discussed only the apportionment issue without mention of the penalty. Plaintiff's motion was properly styled as a motion for *full* summary judgment because favorable resolution of Plaintiff's "First Claim for Relief" on apportionment would have entitled Plaintiff to a refund of all the tax it sought and thus a penalty of zero as a matter of arithmetic. However, the court denied Plaintiff's motion and granted that of Defendant, recharacterizing the latter as a motion for *partial* summary judgment because resolution of the apportionment issue in Defendant's favor leaves Plaintiff's objections to the penalty unaddressed. *See Chevron U.S.A., Inc. v. Dept. of Rev.,___* OTR ___ (Jul 21, 2025) (slip op at 1 n 1).

### III.     ISSUES (TCR 67 B)

The briefing on Plaintiff's instant Motion for Entry of Limited Judgment raises two issues, both under TCR 67 B, which provides:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may render a limited judgment as to one or more but fewer than all of the claims or parties. The judge may render a limited judgment under this section only if the judge determines that there is no just reason for delay."

The first issue is whether the apportionment issue and the penalty issue are separate "claims," such that a judgment on the apportionment issue would be a judgment "as to one * * * claim[ ]."

---

[2] Plaintiff also states that Plaintiff is entitled to a "waiver" of the penalty.

The second issue is whether this court has grounds to determine that there is "no just reason for delay."

## IV.    ANALYSIS

A. *Issue One:  Are the apportionment issue and the penalty issue separate claims?*

As to the first issue, Plaintiff argues that penalties raise a "separate substantive legal claim" because penalties are "not required to be resolved to adjudicate" the apportionment issue. (Ptf's Reply at 2.)  Plaintiff points to its framing of two claims in the complaint, and to language in the July 21 order that applies that framing.  *Chevron U.S.A., Inc.,___* OTR ___, (Jul 21, 2025) (slip op at 1 n 1) ("The second claim asserts various theories of relief from penalties * * *.").  Plaintiff also points out that this court and the Supreme Court have previously proceeded on limited judgment as to a single issue in multi-issue income tax cases, notably in *Comcast Corporation v. Dept. of Rev.,* 22 OTR 295 (2016) (deciding special apportionment factor issue on partial summary judgment), *aff'd on limited judgment* 363 Or 537, 423 P3d 706 (2018), *further proceedings at* 24 OTR 250, 253-54 (2020) (deciding additional apportionment and other issues in subsequent proceedings consolidated with appeal of assessments for later tax years).  Plaintiff argues that judicial economy requires similar treatment in this case.

1. *Caselaw:*  Universal Foods

The court's analysis starts with the limited caselaw under TCR 67 B.  The only Oregon Supreme Court decision that analyzes that rule is *Dept. of Rev. v. Universal Foods Corp.*, 311 Or 537, 815 P2d 1237 (1991).[3]  The holding does not squarely address the issue in this case, but it

---

[3] *U.S. Bancorp v. Dept. of Rev.*, 15 OTR 13 (1999), cited by Defendant, decides the meaning of "claim" for claim preclusion purposes rather than under TCR 67 B.  This court held that all issues related to one tax year were part of one "claim" and must be raised and resolved in the same case.  *See id.* at 17 ("Once a tax year has been placed in issue before the court, both parties are obligated to raise all issues and defenses in connection with that claim so that the claim may be finally resolved.").  Defendant has not clearly articulated why that holding should control for purposes of TCR 67 B; therefore, the court does not assign persuasive value to *U.S. Bancorp*.

confirms that there is a distinction between a claim and the legal theory or theories that support a claim. *Universal Foods* also confirms that caselaw under the federal counterpart to TCR 67 B provides important context to analyze the term "claim" under the *State v. Gaines* framework. *See State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009) (analytical framework examining the text, context, and any useful legislative history of statutory terms before considering any relevant maxims); *see also Eklof v. Persson*, 369 Or 531, 539, 508 P3d 468 (2022) (applying same framework to construe Oregon Rules of Civil Procedure (ORCP)).

The facts in *Universal Foods* are not particularly apposite to this case because they involve compliance with a contested third-party subpoena rather than a taxpayer's tax liability. Defendant issued a subpoena to two corporations under ORS 305.190 for information about the price paid for certain potato processing plants. Before this court, the corporations sought a protective order to avoid any and all compliance, arguing that the request was unduly burdensome in scope and that the subpoenaed items contained trade secrets. This court entered a "judgment" as to the first issue, requiring the corporations to furnish one particular item (depreciation schedules) out of the many covered by the subpoena, based on a finding that doing so would not unduly burden the corporations. *Id.* at 541-42. As to the second issue, the judgment expressly reserved ruling on the corporations' request for a protective order to preserve the confidentiality of trade secrets. *See id*. at 541. On appeal, the Supreme Court held that the corporations had asserted a single claim (a right to not comply with the subpoena). *See id.* at 549. This court, therefore, had erred by entering a purported judgment that addressed only one theory (undue burden) while reserving any ruling on the other theory (confidentiality). *See id.*

/ / /

Neither *Universal Foods* nor any other authority supplies an all-purpose definition of "claim." *See* Wright & Miller, 10 *Federal Practice & Procedure*, § 2657 (4th ed. & Supp Sept 2025) ("There is no generally accepted test that is used to determine whether more than one claim for relief is before the court.") Even cases that attempt to define the term are difficult to apply to an income tax assessment.[4] For example, in *Sussex Drug Products v. Kanasco, Ltd.*, 920 F2d 1150, 1155 (3d Cir 1990), cited in *Universal Foods*, the Third Circuit looked to whether "liability rests on the same transaction or series of transactions," finding only one claim in an action involving the alleged sale of adulterated drugs, notwithstanding the plaintiff's assertions of damages for both breach of contract and punitive damages based on intent to misrepresent. In income tax matters, there is no clear analog to a "transaction or series of transactions": candidates could include the government's act of issuing the overall assessment; or the assessment of any separately calculable component such as tax, penalty or interest amounts, or possibly a credit or deduction; or even particular activities of the taxpayer that contributed to the amount assessed, such as engaging in certain kinds of business transactions.

2. *Text*

To resolve this uncertainty, the court applies the analytical framework of *State v. Gaines*, starting with the text of TCR 67 B, specifically the term "claim," before proceeding to statutory context.[5] Unsurprisingly, the plain meaning of "claim," as of 1979, is insufficiently specific to

---

[4] This order does not address issues involving the meaning of "claim" in the context of other types of taxes, such as whether multiple claims may arise under a single property tax assessment.

[5] The court has found nothing in the adoption history of TCR 67 or ORCP 67 that adds insight on the meaning of "claim." This court first adopted ORCP 67 in full by reference in an order effective January 1, 1986, then revised the rule to restate the full text of ORCP 67 B. *See* Tax Court Order as of January 1, 1986 (adopting TCR 67: "The Tax Court adopts ORCP Rule 67 to the extent applicable."); TCR 67 B (1990) (reprinting text of ORCP 67 B). No further materials are available. ORCP 67 B was promulgated by the Council on Court Procedures (CCP) as part of its 1979-81 rule cycle, and the rule ultimately became effective on January 1, 1982. The CCP's notes indicate that ORCP 67 B was intended to replace ORS 18.125(1) (which had been enacted in 1977), and that the text was copied from then-existing FRCP 54(b). *See* 1979-1981 Biennium History Materials, Council on Court Procedures, Rule 67, 1, available at https://counciloncourtprocedures.org/orcp-history-by-biennium/ ("This is [ORS]

be of help; the sense most on point is "a demand of a right or supposed right." *Webster's Third New Int'l Dictionary* 414 (unabridged ed 1977). The Supreme Court in *Universal Foods* treated the term as a technical legal term, but as discussed, did not prescribe a definition.

### 3. *Context*

#### a. Oregon statutory framework: ORS chapters 305 and 314

For context, the court turns first to Oregon statutes governing income tax appeals. *See, e.g., State v. Klein*, 352 Or 302, 309, 283 P3d 350 (2012) (a statute's context includes "related statutes"). Plaintiff's appeals from Notices of Assessment (NOAs) are governed by ORS 305.265(7), which directs that "the department shall assess the deficiency, plus interest and penalties, if any, and shall send the person a notice of assessment, stating the amount so assessed, and interest and penalties." Appeal to the Magistrate Division is "from any notice of assessment." ORS 305.265(15). The deadline is based on the date the NOA is mailed. *See* ORS 305.280(2) ("appeal * * * from any notice of assessment * * * shall be filed within 90 days

/ / /

---

18.125(1). It was passed in 1977 (Ch. 208) and was taken from Federal Rule 54(b). The ORS section language has been changed slightly to delete references to decrees, suits, and causes of action. The federal rule language was used as it fits better with the ORCP."). At the time that ORCP 67 B was adopted, ORS 18.125(1) (1977) read in full:

> "When more than one demand for relief is presented in a suit or action, whether as multiple causes of suit or action, counterclaims, cross- claims, or third -party actions or suits, or when multiple parties are involved, the court may direct the entry of a final judgment or decree as to one or more but fewer than all of the causes of suit or action or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment or decree. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the causes of suit or action or the rights and liabilities of fewer than all the parties shall not terminate the proceeding as to any of the causes of suit or action or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment or decree adjudicating all the causes of suit or action and the rights and liabilities of all the parties."

Because the adoption of ORCP 67 B introduced the word "claim," as opposed to the prior phrase "causes of suit or action," the court has not reviewed materials on any Oregon predecessors to ORS 18.125(1) (1977).

after the date of the notice"). An NOA thus includes a statement of the assessed tax, interest, and penalties and provides a single deadline for appeal from all amounts assessed.

A single NOA is generally issued for a particular tax year because a deficiency arises from the audit of a "report or return," and returns generally are due annually. *See* ORS 305.265(2) ("As soon as practicable after a report or return is filed, the department shall examine or audit it, if required by law or the department deems such examination or audit practicable."); *see* ORS 314.385(1)(b) ("For purposes of ORS chapters 317 and 318, returns shall be filed with the department on or before the 15th day of the month following the due date of the corresponding federal return for the tax year, as prescribed under the Internal Revenue Code and the regulations adopted pursuant thereto.").[6] Because the right to appeal is tied to the issuance of an NOA that covers the taxpayer's liability for tax, penalty, and interest for an entire annual tax period, the combination of these statutes supports treating all issues related to a single tax year and a single notice as one "claim."

Related statutes make clear that the same logic applies to a case that begins as a refund claim that Defendant adjusts or denies. A refund claim is necessarily based on the difference between the amount "shown as due on a report or return" and the "amount theretofore paid." ORS 314.415(1). A taxpayer wishing to contest Defendant's action "may appeal any notice of proposed adjustment [or] refund denial" (ORS 305.270(10)), and the appeal from any such notice must be filed within 90 days of the date of the notice of refund denial, or within 90 days

/ / /

---

[6] The alignment between an income tax assessment and a "tax year" may explain why cases such as *US Steel* and *US Bancorp* discuss limited judgments and claim preclusion in terms of a single claim per tax year. This order does not comment on the application of any "tax year" rule to taxes that are assessed on a quarterly or other basis. *See, e.g.,* ORS 316.168 (requiring quarterly reporting of employment taxes such as income tax withholding).

after notice of proposed adjustment is final (*see* ORS 305.280(2)). As with an assessment, a single notice, relating to an entire annual tax period, is central to any appeal.

Finally, ORS 305.419(1), governing appeals to the Regular Division, adds context consistent with this conclusion, requiring the taxpayer to first pay any "tax assessed, and all penalties and interest due" on or before the filing of the complaint, and prescribing that "[t]]he complaint shall be filed as a claim for refund" in the singular. ORS 305.419(1).

b.        Case law interpreting Federal Rule of Civil Procedure (FRCP) 54(b) prior to 1979

*Universal Foods* makes clear that relevant context also includes federal case law applying FRCP 54(b) as of 1977 when ORCP 67 B was adopted. *See* 311 Or at 544-45 ("Oregon Tax Court Rule 67 B * * * is the same as ORCP 67 B. * * * * * The question remains whether one claim for relief has been finally determined in order that ORCP 67 B may apply."); *id.* at 546 ("ORCP 67 B is identical to FRCP 54(b). * * * We hold that when ORCP 67 B was adopted it was intended that the Oregon courts should follow the existing federal case law in interpreting the rule.") (citations and internal quotation marks omitted)). Although most federal income tax cases proceed through the United States Tax Court, which has no counterpart to FRCP 54(b), a taxpayer may bring a refund claim to the United States District Court or the Court of Federal Claims. *See generally* Gerald A. Kafka and Rita A. Cavanagh, *Litigation of Federal Civil Tax Controversies* ¶ 1.01 & n 14 (historical relative volume of tax cases in each court).[7] One case applying FRCP 54(b) before the adoption of ORCP 67 B is closely on point. *United States Steel*

/ / /

_____

[7] In fact, federal law specifically allows a discretionary appeal to the Circuit Court of an "interlocutory order" of the United States Tax Court stating that a "controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation * * *." *See also* United States Tax Court Rule 193 (discussing interlocutory orders). No similar law or rule exists for the Oregon Tax Court.

*Corporation v. U.S.*, 21 AFTR 2d 507 (SDNY July 14, 1967) (intermediate order); *aff'd in part and rev'd in part on other grounds* 445 F2d 520 (2d Cir 1971).

In *US Steel*, the taxpayer sought to "recover allegedly illegal assessments * * * paid by it on its federal income tax for the year 1950." *Id*. The complaint included a demand for recovery of excess profit taxes, a demand with respect to its percentage depletion theory, and a demand for return of overpayment of interest. *See id*. The court noted that, while the percentage depletion theory "was not separately labelled as a claim or cause of action. * * * one judgment is demanded and the entire complaint relates to plaintiff's 1950 tax." *Id*. The parties cross-moved for partial summary judgment on Plaintiff's "percentage depletion" theory and the court granted partial summary judgment in favor of the government on that theory and directed entry of a limited judgment. *Id*. Defendant objected, arguing in part that:

> "The particular issue determined was only one of several involved in the determination of plaintiff's suit of its 1950 federal income taxes;

> "The complaint asserts a single claim for relief; there are no multiple claims or multiple parties therein. Rule 54(b) of the Federal Rules of Civil Procedure is not applicable."

*Id*. (paragraph numbering omitted). The court agreed with the government and declined to enter a limited judgment. The court looked to longstanding precedents holding that a tax refund action involving a single taxable year constitutes only a single claim for relief for purposes of issue preclusion. *See id*., (*citing Chicago Junction Rys. v. United States*, 10 F Supp 156, 15 AFTR 485, (Ct Cl 1935); *Estate of Hunt v. United States*, 309 F2d 146, 10 AFTR 2d 6299 (5th Cir 1962).) Under *Universal Foods*, this court is bound to follow *US Steel*. Doing so also is appropriate under *State v. Gaines*, as *US Steel* supplies contemporaneous context of which the Oregon legislature is deemed to have been aware at the time ORCP 67 B was adopted. The result under ORCP 67 B is, in turn, "looked to

as authority for interpreting" TCR 67 B. *See* TCR Preface ("To the extent that the wording of a TCR is the same as that of an ORCP, cases interpreting the ORCP may be looked to as authority for interpreting the TCR.").

    4.   *Plaintiff's Equitable Argument*

Plaintiff cites *Comcast*, 22 OTR 295 (2016), as an example of a case in which the parties received a limited judgment on one income tax issue, then proceeded through a Supreme Court appeal while the remaining issues remained in abeyance in this court. (*See* Ptf's Reply at 6 ("In *Comcast*, the Oregon Tax Court entered a limited judgment pursuant to TCR 67 B on only one of the nine claims that the taxpayer was litigating for the 2007-2009 tax years. The taxpayer then appealed that limited judgment to the Oregon Supreme Court, which affirmed the Oregon Tax Court's limited judgment. The case then returned to the Oregon Tax Court for it to resolve the remaining claims in dispute, including a claim relating to penalties.") (internal footnotes omitted).) *See also DISH Network Corp. v. Dept. of Rev.*, 364 Or 254, 264, 434 P3d 379 (2019) (reviewing this court's limited judgment on one of several property tax issues).

The court has some sympathy with Plaintiff's argument. However, it is apparent that the motion for a limited judgment filed by the taxpayer in *Comcast* was unopposed and remained so on appeal. Therefore, the limited judgment issue was never litigated. The court cannot treat the procedural history of *Comcast* as precedential, or as tacit approval by this court or the Supreme Court. The analysis under *Universal Foods* and *Gaines* is controlling.

B.  *Issue Two: No Just Reason for Delay*

The court's disposition of the first issue moots the second issue, because TCR 67 B requires both (1) that a limited judgment dispose of an entire claim (or render judgment as to at least one party) and (2) that the court determine that there is no just reason for delay. Both requirements must be satisfied because each serves a distinct purpose. The first promotes

judicial economy specifically at the appellate level, while the second promotes fairness as between the parties. *See US Steel* (rejecting taxpayer's argument for limited judgment because "[i]f adopted it would permit piecemeal *appeals* from determinations of each separate item of numerous issues involved in a taxpayer's review of its tax for a given year.") (emphasis added); *May v. Josephine Memorial Hospital*, 297 Or 525, 530-31, 686 P2d 1015 (1984) ("The purpose of [ORCP 67 B] is to make an immediate appeal available on a distinctly separate claim or as to fewer than all the parties, when it is necessary to avoid injustice. The rule is not intended to abandon the long-standing policy against piecemeal *appeals*.") (emphasis added).

Although Plaintiff posits a scenario in which an appellate judgment in its favor on apportionment would eliminate the need for further proceedings on the penalty issue (including at the trial and appellate level), Plaintiff acknowledges the alternative scenario in which an appellate judgment for Defendant on apportionment would precipitate additional proceedings in this court. (Ptf's Motion at 3.) But according to Plaintiff, delaying proceedings on the penalty issue would not prejudice Defendant and could facilitate a settlement; therefore, there is no just reason for delay. (*See id.*) On this point, Plaintiff seems to echo an argument of the taxpayer in *US Steel*, that the issue to be heard on appeal from a proposed limited judgment was "'fundamental to the further conduct of the case'" and that this court should weigh the "inconvenience and costs of piecemeal review" against other factors affecting the parties. That argument did not prevail in *US Steel*, even though resolution in the taxpayer's favor of the sole issue in the proposed limited judgment (depletion deductions) would have partially resolved another issue (interest on the deficiency). And Oregon caselaw does not give this court the discretion for which Plaintiff advocates. *See May*, 297 Or at 530 (ORCP 67 B "does not grant the trial court power to make orders appealable that are truly intermediate, merely by designating

them as judgments.  In other words, this rule gives no discretion to the trial court to treat as final that which is only * * * an adjudication of fewer than all the grounds alleged in support of a single claim.").  The court concludes that, even though either scenario *could* play out as Plaintiff hopes, a limited judgment on apportionment does not eliminate the possibility of a "piecemeal appeal" if the Supreme Court upholds a limited judgment in Defendant's favor, the parties litigate the penalty issue in this court, and a party appeals the penalty issue to the Supreme Court.  Thus, the perception of one party--or even of both parties--that a limited judgment on an issue contained in an assessment might be more efficient for them, and otherwise serve the public interest, cannot overcome the risk that such a limited judgment could create piecemeal appeals.

## V.  CONCLUSION AND ORDER

The court agrees with Defendant that TCR 67 B is inapplicable because the court's July 21, 2025, order on partial summary judgment did not resolve any single claim of the Plaintiff.  As a result, the court will deny entry of Plaintiff's proposed limited judgment.  The court directs the parties to confer and to provide the court with a joint status letter within 30 days of the entry of this order.  The joint status letter should address the parties' planned next steps aimed at resolving the penalty issue, which was not disposed of the partial summary judgment proceedings.  Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Entry of Limited Judgment is denied.

Dated this 6th day of January, 2026.

1/6/2026 12:58:09 PM

_____
Judge Robert T. Manicke