No. 30          October 11, 2016          295

# IN THE OREGON TAX COURT
## REGULAR DIVISION

COMCAST CORPORATION
and Subsidiaries,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5265)

Plaintiff (taxpayer) requested a declaration that its sales factor be determined under the provisions of ORS 314.655 regarding situs of receipts from sales other than sales of tangible personal property. Defendant Department of Revenue (the department) requested a declaration that taxpayer was subject to subscriber apportionment under ORS 314.680 to 314.684 and OAR 150-314-0465 ("the Broadcaster Statutes"). Taxpayer argued that it was not subject to apportionment per the Broadcaster Statutes because only a portion of its revenues were derived from transmission of one-way electronic signals. As to its other revenue, apart from any revenue from sales of real or tangible personal property, taxpayer also objected to apportionment of that revenue based on the subscriber ratio, requesting that revenue be apportioned following a costs-of-performance test. Granting the department's motion and denying taxpayer's motion for partial summary judgment, the court ruled that a taxpayer is an interstate broadcaster if it engages in one-way transmission of electronic signals, and that taxpayer had admitted that it engaged in some transmission of one-way electronic signals to subscribers in Oregon and outside of Oregon, therefore meeting the definition of an "interstate broadcaster" under the Broadcaster Statutes. Further, the court ruled that no statutory provision in the Broadcaster Statutes makes a cross-reference to ORS 314.665 as a default rule to be applied to the extent the Broadcaster Statutes do not apply, therefore the apportionment per the Broadcaster Statutes was appropriate.

Oral argument on cross-motions for partial summary judgment was held June 17, 2016, in the courtroom of the Oregon Tax Court, Salem.

Gregory A. Chaimov, Davis Wright Tremaine LLP, Portland, filed the motion and argued the cause for Plaintiff (taxpayer).

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the cross-motion and argued the cause for Defendant Department of Revenue (the department).

Decision for Defendant rendered October 11, 2016.

**HENRY C. BREITHAUPT, Judge.**

## I.   INTRODUCTION

This corporation excise tax matter is before the court on cross-motions for partial summary judgment. The tax years at issue are those ending December 31, 2007, 2008, and 2009. The purpose of the cross-motions is to receive a declaration from the court as to the application of ORS 314.680 to 314.686 to Plaintiff (taxpayer) in the years at issue.

## II.   FACTS

Taxpayer is a corporation, with portions of its revenue derived from the provision of cable television, internet, and voice over internet protocol services to subscribers in Oregon and other states. The cable and other facilities used for transmission of television services are also employed for internet and voice over internet protocol services. Taxpayer also derives revenue from sales of advertising time, commissions and fees related to its cable operations, franchise fees that must be paid on to local governments and are collected from its subscribers, and license fees from the licensing of rights to its national programming networks.

A declaration submitted by taxpayer for the years at issue states that taxpayer's "video service offerings included analog service, one-way digital service, [and] two-way digital service. *** Comcast revenues from video services included services that involved one-way and/or two-way transmissions of electronic signals."

Taxpayer uses coaxial cables to transmit electronic signals, including one-way electronic signals.

## III.   ISSUE

The issue for decision is whether taxpayer is required to determine the sales factor for apportionment of income under ORS 314.680 to 314.690 (the Broadcaster Statutes).[1]

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to the 2007 through 2009 editions.

## IV.   ANALYSIS

Defendant Department of Revenue (the department) requests a declaration that taxpayer is subject to subscriber apportionment under ORS 314.680 to 314.684 and OAR 150-314-0465.[2]

Taxpayer requests a declaration that its sales factor must be determined under the provisions of ORS 314.655 regarding situs of receipts from sales other than sales of tangible personal property.

Interstate broadcasters must determine their sales factor under the Broadcaster Statutes. The term "interstate broadcaster" means "a taxpayer that engages in the for-profit business of broadcasting to subscribers or to an audience located both within and without this state." ORS 314.680(3).

"Broadcasting" is defined as "the activity of transmitting any one-way electronic signal by radio waves, microwaves, wires, coaxial cables, wave guides or other conduits of communications." ORS 314.680(1).

The consequence of a taxpayer engaging in any interstate broadcasting is that the numerator of the sales factor for that taxpayer includes "all gross receipts attributable to this state, with *gross receipts from broadcasting* to be included as specified in subsection (4) of [ORS 314.684]." ORS 314.684(3) (emphasis supplied).

Subsection (4) in turn apportions "gross receipts from broadcasting" according to a ratio of subscribers in Oregon to subscribers both within and without the state.

The phrase "gross receipts from broadcasting" is defined as meaning "*all gross receipts* of an interstate broadcaster from transactions in the regular course of its trade or business *except* receipts from sales of real or tangible personal property." ORS 314.680(2) (emphasis supplied).

---

[2] Since the briefing of this case, the department renumbered its administrative rules to conform to the requirements of the Secretary of State and its upcoming Oregon Administrative Rules Database. Although the parties briefed this rule as OAR 150-314.684(4), it has since been renumbered to OAR 150-314-0465.

Central to the objection of taxpayer in this proceeding is its argument that only a portion of its revenues arise from transmission of one-way electronic signals. As to other revenue, apart from any revenue from sales of real or tangible personal property, taxpayer objects to apportionment of that revenue based on the subscriber ratio. Taxpayer argues that it is not subject to the Broadcaster Statutes as to revenue that, although arising in the ordinary course of its trade or business, does not arise from transmission of one-way electronic signals.

Taxpayer requests the court to declare that (1) its "one-way" revenue be apportioned according to the Broadcaster Statutes; and (2) its revenues from all other activities, except for sales of real and tangible personal property, be apportioned according to the provisions of ORS 314.665. Under that statute, revenue would be sourced according to a costs of performance test.[3]

That is not what the Oregon statutes allow or require. A taxpayer is an interstate broadcaster if it engages in one-way transmission of electronic signals. Without a clear indication of legislative intent, the court cannot accept taxpayer's invitation to read the words "only if" or "only to the extent that" into the statutory scheme.[4] Taxpayer has offered no legislative history suggesting that the court would be justified in adding those words.

Further, the text of the Broadcaster Statutes and the context of all of the Oregon apportionment statutes indicate that taxpayer's position is not well taken. If the Oregon legislature had intended to separately apportion the revenue streams of a company as between "one-way" and other streams, it would have at least given some signal, if

[3] ORS 314.665(4) provides:

"Sales, other than sales of tangible personal property, are in this state if (a) the income-producing activity is performed in this state; or (b) the income-producing activity is performed both in and outside this state and a greater proportion of the income-producing activity is performed in this state than in any other state, based on costs of performance."

[4] A no more attractive option would be to judicially re-write ORS 314.680(2) so that it would define "gross receipts from broadcasting" as all gross receipts of a broadcaster except for receipts from not only sales of tangible property, but also those from services not involving transmission of "one-way" signals.

not explicit statutory language, that the "one-way" stream would be apportioned under the Broadcaster Statutes with the remainder subject to ORS 314.665. No such signal exists. No statutory provision in the Broadcaster Statutes makes a cross-reference to ORS 314.665 as a default rule to be applied to the extent the Broadcaster Statutes do not apply. And, nothing in the general apportionment statutes, of which ORS 314.665 is a part, indicates that those general statutes are to apply to the extent that the special rules of statutes such as the Broadcaster Statutes do not apply.

In both the Donnelly Declaration cited above, and in statements at the hearing on this matter, taxpayer admitted that it engages in some transmission of one-way electronic signals to subscribers in Oregon and outside of Oregon. Therefore it meets the definition of an "interstate broadcaster" under the statutes.[5] The Broadcaster Statutes subject all revenues from transactions and activities in the regular course of taxpayer's trade or business to apportionment under the Broadcaster Statutes. There is no exception for any portion of revenues except for those arising from the sale of real and tangible personal property.[6]

At the hearing on this matter, taxpayer conceded that it makes no argument that the construction of the Broadcaster Statutes urged by the department and adopted by this court, violates any constitutional limitation on the Oregon legislature. Nor did taxpayer assert that such

---

[5] At the hearing on this matter, and in briefing, there has been a discussion of the difference between "transmission of one-way electronic signals" as opposed to "one-way transmission of electronic signals." There has also been a discussion of whether, as a matter of physics, all electronic signals are "one-way." The admissions of taxpayer establish that it engages in at least some activity covered by the definition of "broadcasting" found in ORS 314.680(1) such that it is an "interstate broadcaster" under ORS 314.680(3). Therefore, there is no need for the court to address, in this case, the question of the actual physics of transmission of electronic signals in general or as accomplished by taxpayer.

[6] At the hearing on this matter, there was a discussion of the possibility that some taxpayer might show that it engaged in multiple trades or businesses, only one of which was interstate broadcasting. The department indicated that what might follow in such a case would be application of two or more apportionment regimes, with the Broadcaster Statutes only applying to the separate interstate broadcaster business. Taxpayer in this case makes no assertion that it is such an organization of companies or activities, and the court does not address the question of whether the department's discussion at the hearing was a correct statement of law.

construction violated any valid federal statute. Finally, taxpayer also conceded that it makes no challenge to any of the rules promulgated by the department under the Broadcaster Statutes, to the extent they might apply to this issue.

The facts established in this case are such that the court finds that taxpayer is an interstate broadcaster for purposes of the Broadcaster Statutes. The legislative history supplied by the department indicates that the court's conclusion is fully consistent with the intent of the legislature to subject cable companies to the Broadcaster Statutes for the years at issue.

## V.   CONCLUSION

The motion of the department is granted and the motion of taxpayer is denied. The court declares that the determination of the sales factor for taxpayer for the subject years is to be determined under ORS 314.680 to 314.690. The court makes no determination as to whether there are "gross receipts attributable to this state" that may not be subject to inclusion in the numerator of the sales factor by application of the subscriber ratio but rather would be included because they are "attributable to this state." *See* ORS 314.684(3). Now, therefore,

IT IS ORDERED that Defendant's motion for partial summary judgment is granted; and

IT IS FURTHER ORDERED that Plaintiff's motion for partial summary judgment is denied.