Argued and submitted November 16, 2018; in A164540 and A164542, judgments of forfeiture reversed; in A164506, affirmed February 26, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN MAX SNELGROVE,
*Defendant-Appellant.*

Washington County Circuit Court
16CR50052; A164506 (Control)
A164540, A164542

462 P3d 302

In this criminal case, defendant, who was convicted of various drug offenses, appeals from a judgment of conviction and from two judgments of forfeiture. Defendant challenges the trial court's authority to enter judgments forfeiting $50,000 and $25,000 in security after he failed to appear at two pretrial hearings. Defendant asserts that, because he appeared in court within 30 days after the court entered orders forfeiting the entire security amount, the court lacked authority under ORS 135.280 to enter judgments of forfeiture for the entire security amount. *Held*: Nothing in the text or context of ORS 135.280(3) gives a trial court authority to enter a forfeiture judgment against a defendant who appears within 30 days of the court's forfeiture order; rather, the statute's text authorizes entry of a forfeiture judgment only after the 30-day window has elapsed. Because defendant appeared within 30 days of the court's orders, the court erred in entering judgments of forfeiture for the entire security amount.

In A164540 and A164542, judgments of forfeiture reversed; in A164506, affirmed.

D. Charles Bailey, Jr, Judge.

Kristin A. Carveth, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Matthew Maile, Assistant Attorney General.

Before Ortega, Presiding Judge, and Powers, Judge, and Mooney, Judge.*

_____

* Mooney, J., *vice* Garrett, J. pro tempore.

POWERS, J.

In A164540 and A164542, judgments of forfeiture reversed; in A164506, affirmed.

Mooney, J., dissenting.

## POWERS, J.

Defendant, who was convicted of various drug offenses, appeals from a judgment of conviction and from two judgments of forfeiture, challenging the trial court's authority to enter judgments ordering $50,000 and $25,000 in security forfeited after he failed to appear at two pretrial hearings. On appeal, defendant asserts that, because he appeared in court within 30 days after the court entered orders forfeiting the entire security amount, the trial court was not statutorily authorized to enter judgments of forfeiture for the entire security amount. The state remonstrates that although ORS 135.280(3), which we set out in full below, specifically requires the court to enter a judgment if a defendant fails to appear within 30 days of an order of forfeiture, the court may nevertheless enter a forfeiture judgment even if defendant appears within the 30-day period. We review the trial court's interpretation for errors of law and reverse the trial court's judgments of forfeiture.

The pertinent facts are undisputed. After the state charged defendant with three drug crimes, defendant was released under a $50,000 security release agreement that, among other requirements, mandated his appearance as ordered by the court until he was discharged. Defendant posted $5,000 or 10 percent of the total security amount as a deposit required by ORS 135.265(2).[1] Defendant appeared for a September case management conference but failed to appear as directed for the next hearing on October 3, 2016. As a result, the trial court issued an order that provided:

"This case came before the Court for **PRE-TRIAL CONFERENCE**. The Defendant did not appear as required. There being no good cause for such failure to appear, and the Court being fully advised, it is hereby

---

[1] ORS 135.265(2) provides, in part:

"The defendant shall execute a release agreement and deposit with the clerk of the court before which the proceeding is pending a sum of money equal to 10 percent of the security amount, but in no event shall such deposit be less than $25. The clerk shall issue a receipt for the sum deposited. Upon depositing this sum the defendant shall be released from custody subject to the condition that the defendant appear to answer the charge in the court having jurisdiction on a day certain and thereafter as ordered by the court until discharged or final order of the court."

> **ORDERED** that Defendant's ***Personal Recognizance/ Conditional/Security Release Agreement*** be revoked, that Defendant's Security deposit be ***forfeited and judgment entered for the full amount of security release amount***, and that a Bench Warrant be issued for Defendant's failure to appear in the amount of $25,000."

(Capitalization, boldface, and italics in original.) Six days later, defendant was arrested on the warrant and appeared in custody the next day on October 10, 2016. Defendant then entered into another security release agreement in the amount of $25,000. He again posted 10 percent of the security amount, which amounted to a $2,500 deposit, and was released.

Thereafter, defendant made his court appearances as required, but after his trial was reset for lack of judicial resources, he again failed to appear on January 27, 2017. The trial court issued a warrant for his arrest, entered an order forfeiting the $2,500 deposit, and ordered a judgment to be entered for the entire $25,000 in security. Eight days later, defendant was arrested on the warrant and he later appeared in court on February 6, 2017. He remained in custody until he pleaded guilty to the original drug charges.

At sentencing, defendant moved for an order remitting his security arguing that (1) there was good cause for the failures to appear because, in both instances, he had been trying to find a place to store his personal belongings in anticipation of being evicted, and (2) ORS 135.280(3) foreclosed the court's authority to enter judgments of forfeiture because he had appeared within 30 days of the date of each failure to appear. The court denied defendant's motion, concluding that good cause did not exist to set aside the orders and remit his security. The court entered the judgments of forfeiture at issue in this appeal.[2]

On appeal, defendant does not challenge the trial court's determination that he failed to establish good cause

---

[2] On appeal, the state correctly acknowledges that both judgments incorrectly state that defendant failed to appear within 30 days of the respective forfeiture orders. As described earlier, defendant appeared—albeit only because he was arrested—within 30 days of each order. Given our disposition, however, we need not address those factual errors in the judgments.

for failing to appear in October and January; rather, the issue as framed by the parties' arguments is a narrow one: Was the trial court authorized to enter forfeiture judgments despite defendant appearing in the 30-day window created by ORS 135.280(3)? Defendant argues that, although ORS 135.280(3) requires a forfeiture judgment to be entered if an absconding defendant does not appear within 30 days after the trial court ordered the forfeiture, an appearance within 30 days prevents the trial court from entering a judgment forfeiting the entire security amount. The state contends that the statute allows the trial court to enter a forfeiture judgment before or after the 30-day period provided by the statute. We agree with defendant's interpretation.

To answer that question, we must ascertain the meaning of ORS 135.280(3), using the familiar interpretative principles discussed in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Under that framework, we review a question of statutory construction for errors of law by first examining the statute's text and context and, as a second step, any pertinent legislative history to discern the legislature's intended meaning. *Id*. "When the text of a statute is truly capable of having only one meaning, no weight can be given to legislative history that suggests—or even confirms—that legislators intended something different." *Id*. at 173.

ORS 135.280(3) provides, in part:

"If the defendant does not comply with the conditions of the release agreement, the court having jurisdiction shall enter an order declaring the entire security amount to be forfeited. Notice of the order of forfeiture shall be given forthwith by personal service, by mail or by such other means as are reasonably calculated to bring to the attention of the defendant and, if applicable, of the sureties the order of forfeiture. If, within 30 days after the court declares the forfeiture, the defendant does not appear or satisfy the court having jurisdiction that appearance and surrender by the defendant was, or still is, impossible and without fault of the defendant, the court shall enter judgment for the state, or appropriate political subdivision thereof, against the defendant and, if applicable, the sureties for the entire security amount set under ORS 135.265 and the costs of the proceedings. At any time before or after entry

of the judgment, the defendant or the sureties may apply to the court for a remission of the forfeiture or to modify or set aside the judgment. The court, upon good cause shown, may remit the forfeiture or any part thereof or may modify or set aside the judgment as in other criminal cases[.]"

The framework constructed by the text of ORS 135.280(3) contains four general parts for security forfeitures.

First, if a defendant fails to comply with the release conditions, such as appearing in court as was required by the terms of defendant's security release agreement, the trial court "shall enter an order declaring the entire security amount to be forfeited." ORS 135.280(3). Thus, at the outset, failing to appear has the immediate consequence of losing the 10 percent deposit posted for release and the prospect of having a judgment entered for the entire security amount.

Second, after the court orders forfeiture, it must notify the defendant and any sureties of its forfeiture order "by personal service, by mail or by such other means as are reasonably calculated to bring" the order to their attention. *Id*. This notice provision signals to defendant and any sureties that there are potential forthcoming consequences for the failure to comply with the release conditions.

Third, and what forms the heart of the disagreement in this case, is a provision that requires the court to enter a judgment against defendant for the entire security amount:

"If, within 30 days after the court declares the forfeiture, the defendant does not appear or satisfy the court having jurisdiction that appearance and surrender by the defendant was, or still is, impossible and without fault of the defendant, the court shall enter judgment for the state, or appropriate political subdivision thereof, against the defendant and, if applicable, the sureties for the entire security amount set under ORS 135.265 and the costs of the proceedings."

*Id*. Defendant contends that, if a defendant does appear "within 30 days after the court declares the forfeiture," as he did in this case by appearing six and eight days after the court's forfeiture orders, then the trial court has no authority

under ORS 135.280(3) to enter a judgment of forfeiture for the entire security amount. The state takes the opposite view, arguing that the statute merely "describes the circumstance where the court must automatically enter judgment against a non-compliant defendant," but that a court may enter a judgment against a defendant that appears within 30 days of the court's forfeiture order. The problem with the state's interpretation is that it is not grounded in the text of the statute. There is nothing in the text or context of ORS 135.280(3) that gives a trial court authority to enter a judgment against a defendant who appears within 30 days of the court's forfeiture order; rather, the statute's text authorizes entry of a forfeiture judgment only after the 30-day window has elapsed.[3]

        The fourth and final part to ORS 135.280(3) provides context to that interpretation. Under this last portion of the statute, the defendant or any sureties may, "[a]t any time before or after entry of the judgment," apply "for a remission of the forfeiture" or "to modify or set aside the judgment." Applying for a remission of the forfeiture before the entry of the judgment provides an opportunity for a defendant to remit the security deposit or "any part thereof"

---

[3] By framing the question as whether a defendant's appearance within 30 days of a forfeiture order "divest[s] the trial court of its authority" to enter a forfeiture judgment, the dissenting opinion similarly approaches the issue from the premise that something in the text of ORS 135.280(3) affirmatively grants a trial court authority to enter a forfeiture judgment even when a defendant appears within 30 days. *See* 302 Or App at 497 (Mooney, J., dissenting). Nothing in the text of ORS 135.280(3) affirmatively grants that authority and neither the state, nor the dissenting opinion, reveal why we should insert that authority into the text of the statute when the legislature has not done so itself. *See* ORS 174.010 (providing that courts are "to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted"); *Comcast Corp. v. Dept. of Rev.*, 363 Or 537, 544-45, 423 P3d 706 (2018) (rejecting proposed interpretation because it would have required the court to insert wording that the legislature chose not to include). Moreover, the interpretation advanced by the dissenting opinion, which would require a showing of good cause before or after a judgment is entered, renders the 30-day window created by the explicit text of the statute to meaningless surplusage. *See* ORS 174.010 (instructing courts to construe statutes so as to "give effect to all" provisions); *State v. Cloutier*, 351 Or 68, 98, 261 P3d 1234 (2011) (observing that "an interpretation that renders a statutory provision meaningless should give us pause, both as a matter of respect for a coordinate branch of government that took the trouble to enact the provision into law and as a matter of complying with the interpretive principle that, if possible, we give a statute with multiple parts a construction that 'will give effect to all' of those parts" (quoting ORS 174.010)).

if the court finds good cause. If a judgment has been entered for the entire security amount, a defendant may apply for a modification or to set aside the judgment on a showing of good cause. In either case, we review the denial of a motion for remission of forfeited security for an abuse of discretion. *See State v. Normile*, 52 Or App 33, 42, 627 P2d 506 (1981) (holding that forfeiture is not limited to failure to appear and reviewing for an abuse of discretion).

To the extent that the text of the statute leaves any ambiguity, a review of the legislative history confirms the significance of a defendant's appearance in court within 30 days after failing to appear. In 1973, as part of the comprehensive revision of the criminal procedure code, the operative part of ORS 135.280 enacted by the legislature provided two options after a defendant failed to appear before the court could enter a judgment for the entire security amount against a defendant: either "appear and surrender" to the court within 30 days or "satisfy the court that appearance and surrender *** is impossible and without [the defendant's] fault" within 30 days.[4]

In 1987, the legislature again amended ORS 135.280 in ways not relevant to this opinion. In the process of amending the statute, however, the proposed language would have effectively eliminated the significance of a defendant's appearance within 30 days.[5] House Bill (HB) 2180 (1987), as introduced, would have required defendants

_____

[4] ORS 135.280(3) (1973/74) provided, in part:

"If the defendant does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture *or* within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault, the court shall enter judgment for the state against the defendant and, if applicable, his sureties, for the amount of security and costs of the proceedings."

(Emphasis added.)

[5] The proposed language of the bill provided, in part:

"If**, within 30 days after the court declares the forfeiture,** the defendant does not [*appear and surrender to*] **satisfy** the court having jurisdiction [*within 30 days from the date of the forfeiture or within such period satisfy the court*] that appearance and surrender by the defendant [*is*] **was, or still is,** impossible and without fault of the defendant, the court shall enter judgment for the state ***."

HB 2180 (Introduced Jan 12, 1987) (emphases and bracketed text in original).

to prove that their appearance was impossible and without their fault. When the proposed bill was discussed in the House Judiciary Committee, Representative Stan Bunn raised concerns that the bill was eliminating one of the options that defendants had:

> "Under the old law, you could either give good reason to the court, or just appear within the 30 days, you didn't have to give good reason. So, in effect, we are removing an either/or, where you could either have 30 days to appear, no requirement that you show good cause, just that you appear. With the requirement now, that requires the defendant to show good cause—and one of the reasons I have a concern is that the new language, coupled with the old language that we keep, the defendant has to show that they were totally blameless. * * * And I want to point out that we are making that policy change."

Tape Recording, House Committee on Judiciary, HB 2180, Feb 26, 1987, Tape 188 (statement of Rep Stan Bunn).

After further discussions, the Judiciary Committee adopted Representative Bunn's suggestion to keep the language consistent with the current law at the time and that language was later adopted by the legislature.[6] The operative language of ORS 135.280 has not changed since this 1987 amendment. Accordingly, a review of the legislative history confirms that the statute provides two potential pathways for a defendant to avoid the entering of a judgment for the entire security amount: either show up within 30 days after the court declares the forfeiture or demonstrate good cause for failing to appear.

In this case, as noted above, defendant's failure to appear resulted in $5,000 and $2,500 being forfeited, as well as orders being entered for the entire security amount to be forfeited. Defendant moved for an order remitting his

---

[6]  The enrolled version of HB 2180 (1987) provided, in part:

"If**, within 30 days after the court declares the forfeiture,** the defendant does not appear [*and surrender to*] **or satisfy** the court having jurisdiction [*within 30 days from the date of the forfeiture or within such period satisfy the court*] that appearance and surrender by the defendant [*is*] **was, or still is,** impossible and without fault of the defendant, the court shall enter judgment for the state * * *."

(Emphases and bracketed text in original.)

security, which was denied for failure to show good cause, and he is not challenging that denial (and the attendant loss of a total of $7,500) on appeal. What is challenged on appeal is the trial court's authority to enter the judgments for the entire security amounts, $50,000 and $25,000 respectively, when defendant appeared within 30 days of the respective forfeiture orders. As described above, the trial court exceeded its authority in ORS 135.280(3) when it did so, and, accordingly, we reverse those judgments.

In A164540 and A164542, judgments of forfeiture reversed; in A164506 affirmed.

**MOONEY, J.,** dissenting.

The question in this case is whether ORS 135.280(3) authorized the trial court to enter judgments of security forfeiture even though defendant twice appeared in court within 30 days of his initial failures to appear. It is important to note that defendant appeared each time only because he was arrested on warrants issued when he failed to appear, and that he was escorted to court in custody on those warrants. Defendant did not voluntarily appear in court, he did not comply with his release agreements, and he did not establish good cause for his failures to appear. In my view, the court was within its statutory authority to enter judgments against defendant for the entire amount of security.

Instead, however, the court today announces a new rule for those charged with crimes: Even though you agree, in exchange for your release from jail, that you will forfeit a certain sum of money if you do not appear in court, you will not actually forfeit that sum of money so long as you appear within 30 days—even when you do not have good cause for your failure to appear and even though the reason you appear within 30 days is that you were brought to court in custody after having been arrested for failing to appear in the first place. In my view, the plain text of ORS 135.280(3) compels the opposite result: A trial court may enter a judgment of forfeiture of the entire security amount for any defendant who fails to adequately excuse his or her failure to appear.

Persons charged with crimes may be released from jail before their trial under ORS 135.255 (personal recognizance), under ORS 135.260 (conditional release), or under ORS 135.265 (security release agreement). When a security release agreement is used, and the defendant fails to appear, ORS 135.280(3) provides the procedural mechanism by which the court enforces the security agreement:

> "If the defendant does not comply with the conditions of the release agreement, the court having jurisdiction shall enter an order declaring the entire security amount to be forfeited. Notice of the order of forfeiture shall be given forthwith by personal service, by mail or by such other means as are reasonably calculated to bring to the attention of the defendant and, if applicable, of the sureties the order of forfeiture. If, within 30 days after the court declares the forfeiture, the defendant does not appear or satisfy the court having jurisdiction that appearance and surrender by the defendant was, or still is, impossible and without fault of the defendant, the court shall enter judgment for the state, or appropriate political subdivision thereof, against the defendant and, if applicable, the sureties for the entire security amount set under ORS 135.265 and the costs of the proceedings. At any time before or after entry of the judgment, the defendant or the sureties may apply to the court for a remission of the forfeiture or to modify or set aside the judgment. The court, upon good cause shown, may remit the forfeiture or any part thereof or may modify or set aside the judgment as in other criminal cases, except the portion of the security deposit that the court ordered to be applied to child support under subsection (4) of this section, as the court considers reasonable under the circumstances of the case. The court shall adopt procedures to ensure that the amount deposited under ORS 135.265 is available for a reasonable period of time for disposition under subsection (4) of this section."

To determine when a trial court may enter a judgment of forfeiture, it is helpful to examine the statute's component parts one at a time, keeping in mind that the parts must be read together to give full effect to the statutory provision.

First, if a defendant fails to appear in court, the trial court is required to order forfeiture of the *entire security amount*:

> "If the defendant does not comply with the conditions of the release agreement, the court having jurisdiction shall enter an order declaring the entire security amount to be forfeited."

*Id*. Second, the trial court must notify the defendant of the order of forfeiture:

> "Notice of the order of forfeiture shall be given forthwith by personal service, by mail or by such other means as are reasonably calculated to bring to the attention of the defendant and, if applicable, of the sureties the order of forfeiture."

*Id*. Third, the court must enter a judgment of forfeiture if the defendant does not, within 30 days, (1) appear or (2) show that appearance and surrender was, or still is, impossible, and not the defendant's fault:

> "If, within 30 days after the court declares the forfeiture, the defendant does not appear *or* satisfy the court having jurisdiction that appearance and surrender by the defendant was, or still is, impossible and without fault of the defendant, the court shall enter judgment for the state, or appropriate political subdivision thereof, against the defendant \* \* \*."

*Id*. (emphasis added). Fourth, the defendant may apply for a remission of the security or for an order that modifies or sets aside the judgment—by showing "good cause":

> "At any time before or after entry of the judgment, the defendant or the sureties may apply to the court for a remission of the forfeiture or to modify or set aside the judgment. The court, upon good cause shown, may remit the forfeiture or any part thereof or may modify or set aside the judgment as in other criminal cases \* \* \*."

*Id*.

The majority's reading of the statute contradicts its plain text. When a defendant enters into a release agreement, he is allowed to leave jail in exchange for his promise to later appear in court on the charges pending against him. Defendant's agreement to forfeit a designated sum of money if he fails to appear is fundamental to the release agreement. It secures his promise to appear and provides the consideration for his release. When the defendant fails to appear as

agreed, the trial court "shall enter an order declaring the entire security amount to be forfeited." Upon due notice, the defendant may "apply to the court for a remission" of the order of forfeiture or "to modify or set aside" the judgment of forfeiture.

The statute grants a 30-day window of opportunity following due notice for the defendant to appear and establish good cause for his failure to appear. If he appears within the 30-day window and establishes good cause, he avoids entry of judgment altogether. If he appears within the 30-day window but is not successful in establishing good cause, the court would necessarily enter a judgment at that point. If he does not appear at all during that 30-day window, the court is required to enter a judgment of forfeiture immediately after the 30-day window closes. This reading of the statute reflects a meaningful 30-day period during which the defendant can prevent imposition of a judgment. The existence of a judgment has real-life financial consequences, and the fact that it might later be set aside is very different from avoiding the judgment in the first place. Defendant's appearance alone does not divest the trial court of its authority—or its obligation—to assess the adequacy of his excuse or justification and to make an independent judicial determination on his motion. And, the fact that a legislator expressed a view that is not consistent with the plain text of the current statute during a meeting that took place over three decades ago, when discussing proposed amendments that the majority acknowledges are "not relevant" to this case, does not change that. 302 Or App at 492-93. The majority reads the statute to say that, if the court denies defendant's motion, it has no authority to give effect to its order by entering a judgment. In other words, if defendant establishes good cause, no judgment will enter and, if defendant does not establish good cause, no judgment will enter.

Here, defendant absconded twice after posting security and agreeing to appear in court. The trial court properly declared his entire security amount forfeited when he failed to appear, and defendant only appeared after he was arrested on warrants issued pursuant to those failures to appear and while he was still in custody. When he moved for remission of the forfeiture, seeking to excuse his failures to

appear, the court concluded that defendant did not establish good cause for his failed appearances and denied the motion. ORS 135.280(3) does not authorize remission or modification without good cause, and defendant does not dispute that ruling. At that point, ORS 135.280(3) required defendant's "entire security amount" to remain forfeited, and authorized entry of a judgment of forfeiture to allow enforcement (*i.e.*, collection and satisfaction) of that order.

The main objective of a security release agreement is to secure a defendant's appearance in court while his criminal case is pending. The trial court agrees to release the defendant from jail, after he has been charged with a crime but before the trial has occurred, in exchange for his promise to appear in court at a later time. To help ensure the defendant keeps his promise to return to court on those charges, he agrees to forfeit a specific amount of money if he does not appear as promised. He is released upon payment of a deposit, representing a portion of the entire amount he risks losing if he fails to appear. By allowing a defendant to avoid forfeiture of that agreed amount under the circumstances of this case, the court today subverts the objective of the security release statute, renders meaningless a defendant's agreement to appear on criminal charges, and guts the incentive (forfeiture of entire security amount) to adhere to the agreement.

I acknowledge that the majority opinion requires defendant to forfeit his initial security deposit and also that it concluded that the trial court did not abuse its discretion when denying his motion for remission of the security deposit. However, the statute requires the court to order forfeiture of the "entire security amount"—not just the deposit. The incongruity of the majority's interpretation of ORS 135.280(3) is further revealed by section 4 of that statute, which limits the use of forfeited security for outstanding child support obligations to (a) the amount of the deposit (b) that does not exceed 66 percent of the entire security amount and, importantly, (c) does not reduce the money award in the judgment of forfeiture that is owed to the state. There would be no reason to distinguish the deposit from the entire security amount if, as the majority holds today, they are the same thing.

By its decision today, the majority effectively grants wholesale downward modifications of the forfeiture amount from the "entire amount" to the deposit amount for any defendant who appears within 30 days of his court date without regard to why he failed to appear or to the circumstances of his late appearance—even though the statute requires a showing of good cause for any reduction. This court's holding today cannot be squared with ORS 135.280(3) or the purpose of security release agreements.

Therefore, I respectfully dissent.